
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA DISTRICT

| | |
|---|---|
| CHRISTOPHER WIEST<br>25 Town Center Blvd, Ste. 104<br>Crestview Hills, KY 41017<br>513-257-1895<br>Plaintiff<br><br>v.<br><br>HON. JOHN P. ROTH<br>1670 Air Force Pentagon<br>Washington, DC 20330-1670<br><br>AND<br><br>TERRY L. BULLARD<br>Suite W-1683<br>27130 Telegraph Rd<br>Quantico, VA 22134<br><br>AND<br><br>HON. CHRISTOPHER WRAY<br>935 Pennsylvania Avenue, NW<br>Washington, D.C. 20535-0001<br><br>AND<br><br>United States of America<br>c/o USDOJ/Attorney General and<br>US Attorney's Office, DCD<br><br>Defendants | Case: 1:21-cv-01578<br>Assigned To : McFadden, Trevor N.<br>Assign. Date : 6/4/2021<br>Description: FOIA/Privacy Act (I-DECK) |

## PLAINTIFFS VERIFIED COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND ANCILLARY RELIEF

1. Plaintiff is a resident of Crestview Hills, Kentucky.



2. Defendant Terry L. Bullard is a Brigadier General in the United States Air Force, and the current commander of the Air Force Office of Special Investigations ("AFOSI"). He is sued in his official capacity only.

3. Defendant, Hon. John P. Roth is the current acting Secretary of the United States Air Force ("SECAF"). He is sued in his official capacity only.

4. Defendant Christopher Wray is the current Director of the Federal Bureau of Investigations. He is sued in his official capacity only.

5. Defendant the United States of America, is the sovereign, and, as explained herein, is sued pursuant to United States Code for the relief sought herein.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 5 U.S.C. § 552a(g)(1), 18 U.S. Code § 925A and 28 CFR 25.10(f), 28 U.S.C. §1331, 7 U.S.C. 702, et. seq., 28 U.S.C. §§ 2201 and 2202, and other applicable law.

7. Venue in this District and division is proper pursuant to 5 U.S.C. 552a(g)(3), 18 U.S. Code § 925A, 28 U.S.C. §1391, and other applicable law. Furthermore, the first named Defendant is located in this division.

## FACTS

Plaintiff's interactions with the Air Force, 1999 to 2005

8. On or about March 13, 1999, Plaintiff, then an Air Force Academy cadet in his Second Class/Junior year, was tried and convicted at a hotly contested general court martial of a charge under Article 134, UCMJ (10 USC 934) related to an allegation of computer

"hacking," in contravention of then 18 USC § 1030.  At all times relevant hereto, Plaintiff has denied any culpability in relation to the charged offense.

9. The case was appealed through several layers of review within the military justice system, and, on March 16, 2004, the United States Court of Appeals for the Armed Forces reversed the findings and sentence, in a case styled *United States v. Wiest*, 59 M.J. 276 (CAAF 2004).  ***See* Exhibit A**.  This had the legal effect of vacating and rendering null and void the March 13, 1999 conviction and sentence.

10. On or about September 27, 2004, the convening authority, the Air Force Academy's Superintendent, determined that retrial was impractical under provisions of the UCMJ, dismissed the charge and specification with prejudice, and directed that "all rights privileges and property of which the accused has been deprived … be restored." ***See* Exhibit B**; *see, also,* 10 USC § 875.

11. Meanwhile, on or about October 6, 2004, Plaintiff instituted a lawsuit in the Eastern District of Virginia, against the investigating Air Force OSI case agent, who had, in the meantime, left the service, and trumpeted in his new found computer security business' website certain false statements about the Plaintiff, including statements about the Plaintiff's alleged guilt for the computer hacking.  *Wiest v. E-Fense*, et. al., 1:04-cv-01201.  That suit made allegations about serious agent misconduct, subordination of perjury, and other malfeasance.  That case agent entered into a consent order on or about March 14, 2005, in which he stipulated that the undersigned did not commit any of the alleged offenses.

12. In the fall and/or spring of 2004/2005, the Air Force then afforded the Plaintiff the opportunity to return to the Air Force Academy and begin and complete his First

Class/senior year and then graduate. However, due to the passage of time, Plaintiff had, by that point in time, completed his undergraduate degree, further completed a law school degree, and, as a consequence, the Plaintiff, through Counsel, reached an agreement with the Air Force Academy's Staff Judge Advocate Office in which he could and would tender his resignation instead, and be relieved from any service or monetary commitment, notwithstanding the fact that Plaintiff had completed his Second Class/junior year, which would typically incur a service commitment.

13. Plaintiff tendered the agreed-to resignation, and, for its part, on May 31, 2005, the Air Force honorably discharged the Plaintiff. *See* **Exhibit C.**

### Plaintiff's firearm matters

14. Sometime between 2005 and 2011 (the exact date, being in the past, is unknown to the Plaintiff), the Plaintiff attempted to purchase a firearm, and had his background checked via the National Instant Criminal Background Check System ("NICS").

15. At the point in time that Plaintiff attempted to purchase a firearm, Plaintiff learned that the Air Force Office of Special Investigations ("AFOSI") had inputted into NICS a felony conviction and dishonorable discharge related to the aforementioned matters with the Air Force.

16. Plaintiff immediately took an appeal of the NICS determination, and also completed the Voluntary Appeal File ("VAF") process with the Federal Bureau of Investigation, to help ensure that there would never be a denial in the future. *See, also*, 28 C.F.R. Part 25.9.

17. As a consequence of this process, and upon information and belief, AFOSI and/or the Federal Bureau of Investigations entered additional information into NICS and other

database(s), reflecting the fact that the conviction had been overturned and the charges dismissed.

18. In any event, after several months, the record was corrected with NICS.

19. Notwithstanding this past discrepancy correction process, sometime in October, 2020, AFOSI *again* entered information into NICS and/or other federal databases, falsely reflecting a felony conviction and dishonorable discharge related to the aforementioned matters with the Air Force.

20. Plaintiff learned of this when the Kentucky State Police contacted the Plaintiff, and revoked his concealed carry license in the spring of 2021, and in that correspondence reflected the fact that it was based on a record entry by the AFOSI. *See, also,* **Exhibit D.**

21. On April 19, 2021, Plaintiff attempted to appeal these actions by AFOSI and seek expungement by that agency. *See, also,* **Exhibits E-1 and E-2.**

22. As of May 25, 2021, AFOSI failed to correct the Plaintiff's records, even though it is required by the Privacy Act to do so.

23. Plaintiff knows that the AFOSI has failed in this regard because, on May 25, 2021, Plaintiff attempted to purchase a firearm, and, on that date, had a NICS denial, which prevented him from purchasing the firearm. *See, also,* **Exhibit F.**

24. Plaintiff undertook an administrative appeal of that matter on May 25, 2021, which has not been adjudicated at present.

25. However, as of the filing of this Complaint, due to the misfeasance and malfeasance of AFOSI, whom Defendants Bullard and Roth are responsible, multiple records within the Air Force systems and NICS remain erroneous and false.

## **CLAIMS FOR RELIEF**

COUNT I – Privacy Act (5 USC 552a)

26. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

27. Plaintiff is an "individual" within the meaning of 5 U.S.C. 552a(a)(2).

28. Pursuant to 5 U.S.C. 552a(d)(2), Defendants have failed, within 10 days (excluding Saturdays, Sundays, and legal public holidays) of receipt of a request, to promptly make correction of records pertaining to the Plaintiff as required by that section, or to inform Plaintiff of the refusal to correct same;

29. Pursuant to 5 U.S.C. 552a(d)(3), Defendants have failed, to complete a review of Plaintiffs records and request for amendment within thirty days, have failed to make a final determination within that period, have failed to demonstrate good cause shown for any delay beyond that period as required by that section.

30. Pursuant to 5 U.S.C. 552a(d)(4), Defendants have permitted releases to be made that are not in compliance with that section, including reflecting the Plaintiffs disagreement with same.

31. Pursuant to 5 U.S.C. 552a(e)(1), Defendants have failed to maintain in their records information relating to the Plaintiff as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President.

32. Pursuant to 5 U.S.C. 552a(e)(2), Defendants have failed to collect information to the greatest extent practicable directly from the Plaintiff when the information may result in adverse determinations about Plaintiff's rights, benefits, and privileges under Federal programs.

33. Pursuant to 5 U.S.C. 552a(e)(5), Defendants have failed to maintain all records which are used by the agency in making any determination about Plaintiff with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to Plaintiff in the determination.

34. Pursuant to 5 U.S.C. 552a(e)(6), prior to disseminating any record about Plaintiff to any person other than an agency, unless the dissemination is made pursuant to subsection (b)(2) of this section, make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes.

35. Pursuant to 5 U.S.C. 552a(e)(8), Defendants have failed to make reasonable efforts to serve notice on Plaintiff when any record on Plaintiff is made available to any person under compulsory legal process when such process becomes a matter of public record.

36. Pursuant to 5 U.S.C. 552a(g)(1)(A), (C), and (D), Plaintiff brings a civil action under that section, for, among other things, the relief set forth in 5 U.S.C. 552a(g)(2).

37. Plaintiff therefore seeks, pursuant to 5 U.S.C. 552a(g)(2), (4), and (5), the following relief: (i) amendment or expungement of records involving the Plaintiff and described herein under 5 U.S.C. 552a(g)(2); (ii) making a finding that the agency acted in a manner which was intentional or willful and award actual damages in the amount of not less than $1,000, attorney fees, and costs under 5 U.S.C. 552a(g)(4).

38. Plaintiff explicitly requests that this Court direct that any information related to the past charges be completely expunged, given the repeat issues that the Plaintiff has suffered, and that injunctive relief be entered prohibiting any future false entries.

### COUNT II – Illegal Firearm Denial (18 USC 925A; 28 CFR 25.10)

39. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

40. Plaintiff was denied a firearm on May 25, 2021, pursuant to subsection (s) or (t) of 18 U.S.C. 922.

41. Plaintiff was denied the firearm due to the provision of erroneous information relating to Plaintiff by the national instant criminal background check system established under section 103 of the Brady Handgun Violence Prevention Act.

42. Plaintiff was not prohibited from receipt of a firearm pursuant to subsection (g) or (n) of 18 U.S.C. 922.

43. Plaintiff therefore seeks an order directing that the erroneous information be corrected and that the transfer be approved as permitted under 18 U.S.C. 925A, and, pursuant to 18 U.S.C. 925A, seeks reasonable attorney fees and costs.

44. Plaintiff further seeks such relief pursuant to 28 CFR 25.10.

### COUNT III – Declaratory and Injunctive Relief (10 U.S.C. 875)

45. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

46. Pursuant to the directives of the convening authority, and 10 U.S.C. 875, which states that "all rights, privileges, and property" shall be restored.

47. The willful and repeated improper and erroneous entry into federal databases of alleged convictions and dismissals/dishonorable discharges contravenes the rights contained in 10 U.S.C. 875.

48. Plaintiff therefore seeks declaratory relief and injunctive relief, pursuant to 28 U.S.C. 2201 and 2202, directing that the relief be afforded to Plaintiff under 10 U.S.C. 875 be carried out, including, as is relevant, complete expungement of any references to charges, convictions, or dismissals or dishonorable discharges, and the entry of permanent

injunctive relief prohibiting AFOSI, Bullard, and Roth, in their official capacities, from any future entry of such erroneous information.

49. Plaintiff further states that, pursuant to 28 U.S.C. 2412, that Plaintiff is a party as defined in 28 U.S.C. 2412(d)(2)(B), that the position of Defendants is not substantially justified, and that Plaintiff is therefore entitled to his reasonable attorney fees and costs for this action.

### COUNT IV – Declaratory and Injunctive Relief (Constitutional Violations – Second and Fifth Amendments)

50. Plaintiff reincorporates the foregoing paragraphs as if fully written herein.

51. The actions complained of herein, have not afforded the Plaintiff due process, including the right to be heard in a timely manner and in a timely fashion as to his records, and thus violate the Fifth Amendment of the United States Constitution.

52. The actions complained of herein, which have and continue to have the ability of denying the Plaintiff access to firearms, for which he is lawfully able to bear and carry, including for purposes of personal defense and defense of the home, thus violate the Second Amendment of the United States Constitution.

53. Plaintiff therefore seeks declaratory relief and injunctive relief, pursuant to 28 U.S.C. 2201 and 2202, that Defendants have and continue to violate the Fifth and Second Amendment rights of the Plaintiff.

54. Plaintiff further states that, pursuant to 28 U.S.C. 2412, that Plaintiff is a "party" as defined in 28 U.S.C. 2412(d)(2)(B), that the position of Defendants is not substantially justified, and that Plaintiff is therefore entitled to his reasonable attorney fees and costs for this action.

WHEREFORE, Plaintiff demands:

- Judgment against Defendants, as prayed for within the foregoing Complaint, including directives for record correction and expungement, directives that firearm transfers be permitted, and declaratory and injunctive relief; and

- That Plaintiff be awarded his reasonable attorney fees and for the costs of this action; and

- That Plaintiff be awarded damages as prayed for; and

- Such other relief as this Court may find just and proper.

<div style="text-align:right">
Respectfully submitted,

/s/ Christopher Wiest

Christopher Wiest (KBA #90725)
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513-257-1895
(859) 495-0803 (fax)
chris@cwiestlaw.com
</div>