UNITED STATES, Appellee

v.

Christopher D. WIEST, Cadet
U.S. Air Force, Appellant

No. 03-0106

Crim. App. No. 33964

United States Court of Appeals for the Armed Forces

Argued    October 1, 2003

Decided    March 16, 2004


CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, and BAKER, JJ., joined. ERDMANN, J., filed a dissenting opinion.


<u>Counsel</u>

For Appellant: <u>Mr. Frank J. Spinner, Esq.</u> (argued); <u>Colonel Beverly B. Knott</u>, <u>Major Terry L. McElyea</u>, <u>Major Bryan A. Bonner</u>, and <u>Captain Antony B. Kolenc</u> (on brief).

For Appellee: <u>Lieutenant Colonel Michael E. Savage</u> (argued); <u>Colonel LeEllen Coacher</u> (on brief); and <u>Lieutenant Colonel Lance B. Sigmon</u>.

Military Judge: J. Jeremiah Mahoney


<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION</u>.



EXHIBIT

A

United States v. Wiest, No. 03-0106/AF

CRAWFORD, Chief Judge, delivered the opinion of the Court.

Contrary to his pleas, Appellant, a cadet at the Air Force Academy, was convicted by officer members of one specification of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2000), by damaging a computer, in violation of 18 U.S.C. § 1030(A)(5)(B) (2000).[1]  He was sentenced to a dismissal and total forfeitures.  The convening authority approved the dismissal and partial forfeitures, and the Air Force Court of Criminal Appeals affirmed the findings and sentence.

Because we hold the military judge abused his discretion in refusing to grant a defense-requested continuance to obtain a civilian lawyer (Issue I), we will not address the other granted issues.[2]

_____

[1] We heard oral argument in this case at Offutt Air Force Base, Bellevue, Nebraska, on October 1, 2003, as part of "Project Outreach."  See United States v. Allen, 34 M.J. 228, 229 n.1 (C.M.A. 1992).

[2]     II.  WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION TO THE LESSER-INCLUDED OFFENSE OF 18 U.S.C. § 1030(A)(5)(B) FOR INTENTIONALLY ACCESSING A PROTECTED COMPUTER WITHOUT AUTHORIZATION AND RECKLESSLY CAUSING DAMAGE WHERE THERE IS NO EVIDENCE THAT APPELLANT'S ACCESS TO THE COMPUTER IN QUESTION ACTUALLY CAUSED THE DAMAGE ALLEGED BY THE PROSECUTION AND WHERE APPELLANT HONESTLY BELIEVED HIS ACCESS TO THE SYSTEM WAS AUTHORIZED.

III.  WHETHER THE MILITARY JUDGE ERRED IN INSTRUCTING THE MEMBERS ON THE LESSER-INCLUDED OFFENSE OF

United States v. Wiest, No. 03-0106/AF

FACTS

The Government contends that, contrary to the United States Air Force Academy (USAFA) rules, Appellant attempted to use his computer to access internet chat rooms. To prevent such communications, USAFA had previously developed a firewall as part of the USAFA network.

On February 2, 1999, defense counsel requested a new investigation pursuant to Article 32, UCMJ, 10 U.S.C. § 832 (2000), arguing that the Government mistakenly told defense counsel that logs describing individuals at USAFA who had entered and exited the firewall did not exist. In discussing the motion, the judge made several comments concerning the competency of the defense counsel for relying on the Government's assertion that these logs did not exist, and for not independently investigating the existence of the logs. When discussing the reason for a new Article 32 investigation, the judge criticized the attorneys as follows:

> Certainly as an attorney, one would expect to question why [the firewall logs] didn't exist. Whether it was a routine matter or there was something about the

---

SPECIFICATION 1 OF THE CHARGE WHERE HE FAILED TO INSTRUCT THE MEMBERS THAT THE UNAUTHORIZED ACCESS TO THE COMPUTER SYSTEM MUST HAVE BEEN INTENTIONAL.

IV. WHETHER THE MILITARY JUDGE ERRED IN PROVIDING THE COURT MEMBERS A MISTAKE OF FACT INSTRUCTION WHICH REQUIRED THEM TO FIND THAT APPELLANT'S MISTAKE OF FACT WAS REASONABLE INSTEAD OF MERELY HONEST.

<u>United States v. Wiest</u>, No. 03-0106/AF

> particular logs from this occasion that somehow were
> lost or destroyed inadvertently . . . .  We are just
> talking about testing the available evidence, which is
> the function of an advocate.

In response to defense counsel's explanation as to why the
motion was made months after the original Article 32
investigation, the judge stated, "but the thought never occurred
to you at that time to ask why [the logs] didn't exist?"  "[I]f
you have an indication that the type of evidence that you are
looking for should be in existence, then I think as an attorney
you should be questioning why it is no longer in existence."
The judge said defense counsel should not have accepted the
government representative's statement that the logs did not
exist, and should have asked their own consultant rather than
relying on the Government representative.  The judge said
defense counsel should have assumed the records were always
present and "had been misinformed."  Counsel responded that they
assumed the government was telling the truth.  The judge then
said, "a competent advocate assume[s] nothing."  In response to
the judge's continued questioning, the defense counsel stated:
"Again, if we were remiss and if I'm not a competent advocate
for not confirming that, I'll take that hit.  But, it doesn't
take anything away from the fact that [the Government] actually
knew the records existed . . . ."  Later, the defense admitted
they were "novices with computers" and dependent upon experts

United States v. Wiest, No. 03-0106/AF

who thought the logs did not exist.  In denying the motion for a new Article 32 investigation, the judge noted that the "availability of the firewall logs, regardless of their completeness, was unappreciated by both the prosecution and the defense."  He continued:

> The attorneys in this case were not by training or experience well-equipped to deal with the complex computer[-]related materials inherent in the alleged offenses . . . .  [I]t is utterly confounding to the court the defense expert limited himself to stating requests to attorneys who were not equally qualified in the subject matter.

After the judge denied the motion for a new Article 32 investigation, Appellant told the judge he believed his counsel were ineffective at the original Article 32 investigation, and therefore requested new defense counsel.  Appellant was then told he had misunderstood the judge's words; in not ordering a new Article 32 investigation, the judge did not say that counsel was ineffective.  Appellant disagreed, and personally addressed the court as follows:  "Your Honor, in light of your statements that my counsel were ineffective at my Article 32 hearing, as well as throughout the proceedings leading up to this court-martial, . . . I would like to fire both."  The judge replied again that Appellant had misunderstood his prior remarks, but that because Appellant insisted on new counsel, replacement counsel "must be available and prepared for trial on 8 March

<u>United States v. Wiest</u>, No. 03-0106/AF

1999."  The judge did not at this time release original defense counsel.

Appellant then requested representation by Major Theurer, a defense counsel with a reputation as an expert in computer matters, as an individual military defense counsel under Rule for Courts-Martial 506(b) [hereinafter R.C.M.].  Although Major Theurer's superior approved the request, he was not available for trial on March 8, prompting the judge to state that "if Major Theurer is not available on the 8th of March, then he is not available period.  The trial will proceed without him."  On February 10, Mr. Spinner, a civilian defense counsel, entered his appearance on behalf of Appellant, but requested a delay until April 19, because of his schedule.  On the same day, the military judge faxed a response to Mr. Spinner, advising him that the trial date was March 8 and, "If you wish to represent the accused you need to be present and prepared on that date." He further advised Mr. Spinner, "If you cannot be available and prepared on that [sic] 8 Mar 99, you are not reasonably available and should not undertake this representation." Finally, he advised Mr. Spinner, "You should not count on any further continuance being granted, and make your plans accordingly for preparation or termination of your representation."

United States v. Wiest, No. 03-0106/AF

On February 12, the Government asked that the continuance be denied because Appellant "is free to retain counsel . . . . Given the amount of time that Cadet Wiest has had, and still has, to obtain counsel that are available on 8 Mar 99, we believe no continuances are necessary at this time." On the same date, the judge denied the defense request for a continuance.[3]

Appellant asked for new military defense counsel on March 8. Two new military defense counsel entered appearances for Appellant and indicated they were ready to proceed. Mr. Spinner, who had also been retained as civilian counsel, was not ready to begin because of other commitments. At this session, Appellant's request to release prior military counsel was granted, as was his request to be represented by new counsel, without Mr. Spinner as civilian counsel. The trial proceeded as scheduled.

DISCUSSION

The right to counsel is fundamental to our system of justice. United States v. Palenius, 2 M.J. 86 (C.M.A. 1977). It should therefore be an unusual case, balancing all the factors involved, when the judge denies an initial and timely

---

[3] We need not decide whether the trial judge was disqualified under R.C.M. 902(b)(1), because he had "knowledge of disputed evidentiary facts concerning" the availability of Mr. Spinner by obtaining facts ex parte and not subject to judicial notice.

<u>United States v. Wiest</u>, No. 03-0106/AF

request for a continuance in order to obtain civilian counsel, particularly after the judge has criticized appointed military counsel.  Indeed, we have noted that the right to civilian counsel is a "most valuable right," and that therefore a continuance should be granted at least after initial requests for such counsel have been made, and certainly in a case where Appellant is unsure of his appointed military representation. <u>United States v. Kinard</u>, 21 C.M.A. 300, 303, 45 C.M.R. 74, 77 (C.M.A. 1972)(citing <u>United States v. Donohew</u>, 18 C.M.A. 149, 39 C.M.R. 149 (C.M.A. 1969)); <u>cf.</u> <u>Morris v. Slappy</u>, 461 U.S. 1, 3-4 (1983)(citing <u>Slappy v. Morris</u>, 649 F.2d 718 (9th Cir. 1981)). Accordingly, we hold that the military judge erred by exercising an inelastic attitude in rescheduling Appellant's trial, where such request was predicated on the judge's negative comments about Appellant's original military counsel and Appellant's subsequent selection of a new civilian counsel.

Our standard of review in the case at bar is abuse of discretion. <u>United States v. Weisbeck</u>, 50 M.J. 461, 464-66 (C.A.A.F. 1999).  In determining whether the judge abused his discretion, we consider the factors articulated in <u>United States v. Miller</u>: "surprise, nature of any evidence involved, timeliness of the request, substitute testimony or evidence, availability of witness or evidence requested, length of continuance, prejudice to opponent, moving party received prior

United States v. Wiest, No. 03-0106/AF

continuances, good faith of moving party, use of reasonable diligence by moving party, possible impact on verdict, and prior notice." 47 M.J. 352, 358 (C.A.A.F. 1997)(citation omitted). See also United States v. Cokeley, 22 M.J. 225, 229-30 (C.M.A. 1986)(availability of witnesses); Kinard, 21 C.M.A. at 305, 45 C.M.R. at 79.

As to surprise on February 10, Mr. Spinner requested a continuance well before the March 8 trial date. The request for a continuance was based on unexpected events. Here, Appellant was clearly surprised by the harsh criticism of his counsel by the military judge, and this factor weighed in favor of a continuance. As to timeliness, Mr. Spinner requested the continuance as soon as he was retained, six days after the court was recessed and well before the trial date. He had made no prior requests for continuance, nor was there any delay or bad faith by Appellant as he contacted Mr. Spinner almost immediately and Mr. Spinner promptly submitted his request for a continuance.

Because of the comments made by the judge concerning Appellant's representation at the Article 32 hearing, Appellant requested the appointment of new military counsel and sought, in addition, to retain civilian counsel. Based on the record, this request was not a surprise. Appellant's request for new counsel was submitted shortly after the February 2 session pursuant to

United States v. Wiest, No. 03-0106/AF

Article 39(a), UCMJ, 10 U.S.C. § 851(a) (2000). The timing of this request therefore allowed sufficient time to establish a date when civilian counsel would be available to work within the schedule of the witnesses, none of whom were outside the United States. Moreover, the Government did not establish a reason for opposing Appellant's request for a continuance, other than noting that the witnesses were available on March 8, 1999. Nor did they establish an attempt by Appellant to "vex" the Government, or show that witnesses would not be available at a later date. "Where a military judge denies a continuance request made for the purpose of obtaining civilian counsel, prejudice to the accused is likely." Miller, 47 M.J. at 359. Given these circumstances, the military judge should have granted the continuance, and therefore abused his discretion in failing to do so.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed, the findings and the sentence are set aside, and the record of trial is returned to the Judge Advocate General for a further disposition not inconsistent with this opinion.

CORRECTED COPY – DESTROY ALL OTHERS

DEPARTMENT OF THE AIR FORCE
HEADQUARTERS UNITED STATES AIR FORCE ACADEMY (USAFA)
USAF ACADEMY, COLORADO 80840

General Court-Martial Order                                    27 September 2004
No. 8

In the general court-martial case of CADET CHRISTOPHER D. ~~WEIST~~ WIEST, ██████1530, the findings of guilty and sentence as promulgated in General Court-Martial Order No. 2, this headquarters, dated 27 December 1999, were set aside on 16 March 2004. A rehearing was found to be impractical. Pursuant to the authority of RCM 1107(e), the charges are dismissed. All rights, privileges, and property of which the accused has been deprived by virtue of the findings of guilty and the sentence so set aside will be restored. That sentence was adjudged on 13 March 1999.
ACM #33964.


        /s/
JOHN W. ROSA
Lieutenant General, USAF
Superintendent


FOR THE SUPERINTENDENT

MICHAEL R. MCANTEE, Colonel, USAF
Staff Judge Advocate

EXHIBIT

B

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES     THIS IS AN IMPORTANT RECORD. SAFEGUARD IT.     ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle)<br>Wiest, Christopher, David | 2. DEPARTMENT, COMPONENT AND BRANCH<br>AIR FORCE - USAFA CADET | 3. SOCIAL SECURITY NUMBER<br>1530 |
|---|---|---|
| 4a. GRADE, RATE OR RANK<br>AF CADET    b. PAY GRADE<br>AF CADET | 5. DATE OF BIRTH (YYYYMMDD)<br>1977 | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY<br>USAF ACADEMY COLORADO | b. HOME OF RECORD AT TIME OF ENTRY (City and State, or complete address if known)<br>2669 Ravenwood Court, Wexford, PA 15090 |
|---|---|

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>34TRW (USAFA) | b. STATION WHERE SEPARATED<br>USAF ACADEMY COLORADO |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED<br>NOT APPLICABLE | 10. SGLI COVERAGE    NONE<br>AMOUNT: $   200,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.)<br>NOT APPLICABLE | 12. RECORD OF SERVICE | YEARS(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 1996 | Jun | 27 |
| | b. SEPARATION DATE THIS PERIOD | 2005 | May | 31 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 08 | 11 | 05 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f. FOREIGN SERVICE | 00 | 00 | 00 |
| | g. SEA SERVICE | 00 | 00 | 00 |
| | h. EFFECTIVE DATE OF PAY GRADE | 1996 | Jun | 27 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)<br>AF Outstanding Unit Award W/ One Oak Leaf, National Defense Service Medal, Basic Parachute Badge, --Nothing Follows-- | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)<br>Basic Cadet Training, 6 Weeks, Aug 96,--Nothing Follows-- |
|---|---|

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | | YES | X | NO |
|---|---|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | X | YES | | NO |

| 16. DAYS ACCRUED LEAVE<br>PAID   -0- | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO |
|---|---|---|---|
| | | X | |

| 18. REMARKS<br>ATTENDED USAF ACADEMY IN CADET STATUS FROM 27 Jun 96 TO 31 May 05.  SERVICE NOT CREDITABLE FOR ANY PURPOSE IN COMMISSIONED OFFICER STATUS. MEMBER HAS NOT COMPLETED FIRST FULL TERM OF SERVICE. ---------- NOTHING FOLLOWS ------- |
|---|

**EXHIBIT**

C

The information contained herein is subject to computer matching within Department of Defense or with other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or compliance with, the requirements of a Federal benefit program.

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code)<br>2669 Ravenwood Court, Wexford, PA 15090 | 19.b. NEAREST RELATIVE (Name and address - include ZIP Code)<br>MR&MRS ROBERT N WIEST, 2669 RAVENWOOD CT, WEXFORD, PA 15090 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO  Pennsylvania | DIRECTOR OF VETERANS AFFAIRS | X | YES | | NO |
|---|---|---|---|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED<br>MEMBER NOT AVAILABLE TO SIGN | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature)<br>MELISSA J.E. LEWIS, TSgt, USAF<br>NCOIC, Cadet Personnel Branch |
|---|---|

## SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION<br>DISCHARGE | 24. CHARACTER OF SERVICE (Include upgrades)<br>HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY<br>AFI 36-2020 | 26. SEPARATION CODE<br>JFF | 27. REENTRY CODE<br>4L |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION<br>SECRETARIAL AUTHORITY |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD)<br>NOT APPLICABLE | 30. MEMBER REQUESTS COPY 4<br>(Initials) SEE BLOCK 21 |
|---|---|

**DD FORM 214, FEB 2000**    PREVIOUS EDITION IS OBSOLETE.<br>Generated by Air Force Academy CAMISII Disenrollment Application    **MEMBER-4**

# Honorable Discharge



from the Armed Forces of the United States of America

*This is to certify that*

CHRISTOPHER DAVID WIEST, ███ 1530, AF CADET, REGULAR AIR FORCE

*was Honorably Discharged from the*

# United States Air Force

on the ___31___ day of ___MAY 2005___    *This certificate is awarded*

*as a testimonial of Honest and Faithful Service*

Jesus G. Suarez

JESUS G. SUAREZ, Capt, USAF
USAF Academy, Colorado

DD FORM 1 NOV 51 **256 AF**

THIS IS AN IMPORTANT RECORD — SAFEGUARD IT!



<table>
<tr><td>Andy Beshear<br>Governor</td><td><b>KENTUCKY STATE POLICE</b><br><b>1266 LOUISVILLE ROAD</b><br><b>FRANKFORT, KY  40601</b><br><b>Phone: (502) 227-8700</b><br><b>www.kentuckystatepolice.org</b></td><td>Mary C. Noble<br>Secretary<br><br>Col. Phillip Burnett, Jr.<br>Commissioner</td></tr>
</table>

May 7, 2021


Christopher Wiest
~~████████████~~
Crestview Hills, KY 41017


Re:    Request for reconsideration of revocation of CCDW license
       Applicant #0308765


Dear Mr. Wiest:

Your request for reconsideration of the revocation of your carry concealed deadly weapons (CCDW) license has been considered, and pursuant to KRS 237.110(4)(a), your request is hereby denied because you are disqualified from possessing a CCDW license. KRS 237.110(13) provides that a CCDW license shall be suspended or revoked if the licensee becomes ineligible to be issued a license.  KRS 237.110(4)(a) provides that the Kentucky State Police, following the background check required by KRS 237.110(3), shall issue a license if the applicant is not prohibited from the purchase, receipt, or possession of firearms, ammunition, or both pursuant to 18 U.S.C. 922(g), 18 U.S.C. 922(n), or applicable state law.

You are ineligible to purchase, possess, or receive a firearm under 18 U.S.C. 922(g)(1-9) or 18 U.S.C. 922(n), and in turn ineligible for a CCDW license pursuant to KRS 237.110.  If you have not already done so, you are required to surrender your CCDW license to the sheriff of your county of residence within two (2) business days of the receipt of the notice. Failure to surrender a suspended or revoked license as ordered is a Class A misdemeanor.

**EXHIBIT**

D

tabbies®

Page 2
January 6, 2020

If you wish to challenge, you may contact the US Air Force Office of Special Investigations, Quantico, VA by phone (571) 305-8484 and obtain more information: Your NTN number is 101PKJSP5 and your NRI number is 2516484785.

Additionally, pursuant to KRS 237.110(13), you are entitled to request an administrative hearing on the issue of the revocation of your CCDW license. <u>According to 502 KAR 11:070, you have thirty (30) days from this letter to request an administrative hearing.</u> To request an administrative hearing, you must surrender your CCDW license to the sheriff of your county of residence and petition the Commissioner of the Kentucky State Police. You should include a telephone number where you can be reached regarding the hearing request. Your petition for an administrative hearing must be sent to:

> Commissioner
> Kentucky State Police
> c/o Commander
> Criminal Identification & Records Branch
> 1266 Louisville Road
> Frankfort, KY 40601

Possession of firearms or ammunition by you is a violation of 18 U.S.C. 922(g), subjecting you to possible prosecution for violation of federal firearms restrictions. Therefore, you should immediately and lawfully dispose of your firearms and ammunition. The KSP recommends that you transfer your firearms and ammunition to a third party, such as your attorney, local law enforcement agency, or a federal firearms dealer. The continued possession of firearms or ammunition by you is a violation of law and may subject you to criminal penalties as well as seizure of your firearms and ammunition.

Sincerely,

Captain Bradley Arterburn
Commander
Criminal Identification & Records Branch

BA/ab
coab0085

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | chris@cwiestlaw.com |
| **Sent:** | Monday, April 19, 2021 1:08 PM |
| **To:** | 'DAF.CJIC@us.af.mil' |
| **Subject:** | AFOSI/ Expungement |
| **Attachments:** | LetterAFOSI-4-19-21.pdf |

To Whom It May Concern:

Please see the communication, attached.


Sincerely,


Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)



# Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, STE. 104
Crestview Hills, KY 41017
(513)257-1895 (cellular)
chris_wiest@yahoo.com
(admitted in Kentucky and Ohio)

April 19, 2021

MEMORANDUM FOR HQ AFOSI/XIC

From: Christopher David Wiest (SSN ███-█-1530)

SUBJECT: Request for Expungement of Records for Former Service Member

I request the Air Force review information it has submitted into criminal indexing systems on me. In support of this request, I am providing:
1. Verification of Identity for Expungement Request
2. My name when in the military was Christopher David Wiest
3. My AFOSI Investigation number was unknown (SSN 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)
4. My Security Forces Investigation number was unknown (SSN 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)
5. [List other documents such as court-martial findings offered in support of your request]

     a. Attached, CAAF Decision, dated 3/16/2004

     b. Attached, GCM Order No. 8, dated 9/27/2004

     c. Attached, Honorable Discharge DD214, dated 5/31/2005

     d. Attached, Honorable Discharge, DD256AF, dated 5/32/2005

Specifically regarding my Interstate Identification Index (III) record(s), I request:

1. *CW* Elimination and Expungement of the National Instant Criminal Background Check System (NICS) entries, indicating disqualification to own or possess a firearm, pursuant to, among other things, Article 75, UCMJ (10 USC 875), 28 C.F.R. 25.10, 18 U.S.C. 925A, the Administrative Procedure Act, the Privacy Act of 1974 (5 USC 552a), and/or the Second and Fifth Amendments to the United States Constitution;

2. *CW* Elimination and Expungement of the Defense Criminal Index of Investigations (DCII) record, pursuant to, among other things, Article 75, UCMJ (10 USC 875), 28 C.F.R. 25.10, 18 U.S.C. 925A, and the Administrative Procedure Act, the Privacy Act of 1974 (5 USC 552a), and/or the Second and Fifth Amendments to the United States Constitution;

3. *CW* Elimination and Expungement of the National Crime Information Center (NCIC) record, pursuant to, among other things, Article 75, UCMJ (10 USC 875), 28 C.F.R. 25.10, 18 U.S.C. 925A, and the Administrative Procedure Act, the Privacy Act of 1974 (5 USC 552a), and/or the Second and Fifth Amendments to the United States Constitution;

This is the **second time** that I have had to obtain record correction from your agency in the last five years, to exercise fundamental rights guarantied by the Second Amendment to the United States Constitution.

As a consequence of **yet again** being improperly added to the NICS database by your agency, I have had the Kentucky State Police indicate that they are revoking my state concealed carry license. I am therefore seeking a complete expungement of **all records** concerning the court martial to ensure that administrative errors does not again deprive me of firearm rights and to avoid the need to file an action in the appropriate United States District Court.

I reserve the right to seek immediate relief, declaratory, injunctive, and otherwise, in the appropriate United States District Court, to vindicate the rights involved.

Sincerely,

Christopher Wiest
25 Town Center Blvd, Ste 104
Crestview Hills, KY 41017
513-257-1895

2

# **Verification of Identity**

To aid processing of my expungement request, below is my identify verification data:

1. Name: *Christopher David Wiest*

2. Current Mailing Address:

   ~~[redacted]~~

   *Crestview Hills, KY 41017*

3. DoD ID Number or SSN if no DoD ID number is available:

   *SSN:* ~~[redacted]~~ *-1530*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above (requester) and I understand that any falsification of this statement is punishable under the provisions of 18 USC Section 1001 by a fine of not more than $10,000.00 or by imprisonment of not more than five years, or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 USC. 552a(i)(3) by a fine of not more than $5,000.00.

Signature and Date:

*[signature]*   *4/19/21*

UNITED STATES, Appellee

v.

Christopher D. WIEST, Cadet
U.S. Air Force, Appellant

No. 03-0106

Crim. App. No. 33964

United States Court of Appeals for the Armed Forces

Argued    October 1, 2003

Decided    March 16, 2004


CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, and BAKER, JJ., joined. ERDMANN, J., filed a dissenting opinion.


Counsel

For Appellant: Mr. Frank J. Spinner, Esq. (argued); Colonel Beverly B. Knott, Major Terry L. McElyea, Major Bryan A. Bonner, and Captain Antony B. Kolenc (on brief).

For Appellee: Lieutenant Colonel Michael E. Savage (argued); Colonel LeEllen Coacher (on brief); and Lieutenant Colonel Lance B. Sigmon.

Military Judge: J. Jeremiah Mahoney


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

United States v. Wiest, No. 03-0106/AF

CRAWFORD, Chief Judge, delivered the opinion of the Court.

Contrary to his pleas, Appellant, a cadet at the Air Force Academy, was convicted by officer members of one specification of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2000), by damaging a computer, in violation of 18 U.S.C. § 1030(A)(5)(B) (2000).[1]  He was sentenced to a dismissal and total forfeitures.  The convening authority approved the dismissal and partial forfeitures, and the Air Force Court of Criminal Appeals affirmed the findings and sentence.

Because we hold the military judge abused his discretion in refusing to grant a defense-requested continuance to obtain a civilian lawyer (Issue I), we will not address the other granted issues.[2]

---

[1] We heard oral argument in this case at Offutt Air Force Base, Bellevue, Nebraska, on October 1, 2003, as part of "Project Outreach."  See United States v. Allen, 34 M.J. 228, 229 n.1 (C.M.A. 1992).

[2]    II.  WHETHER THE EVIDENCE IS LEGALLY SUFFICIENT TO SUSTAIN APPELLANT'S CONVICTION TO THE LESSER-INCLUDED OFFENSE OF 18 U.S.C. § 1030(A)(5)(B) FOR INTENTIONALLY ACCESSING A PROTECTED COMPUTER WITHOUT AUTHORIZATION AND RECKLESSLY CAUSING DAMAGE WHERE THERE IS NO EVIDENCE THAT APPELLANT'S ACCESS TO THE COMPUTER IN QUESTION ACTUALLY CAUSED THE DAMAGE ALLEGED BY THE PROSECUTION AND WHERE APPELLANT HONESTLY BELIEVED HIS ACCESS TO THE SYSTEM WAS AUTHORIZED.

III.  WHETHER THE MILITARY JUDGE ERRED IN INSTRUCTING THE MEMBERS ON THE LESSER-INCLUDED OFFENSE OF

2

<u>United States v. Wiest</u>, No. 03-0106/AF

FACTS

The Government contends that, contrary to the United
States Air Force Academy (USAFA) rules, Appellant attempted to
use his computer to access internet chat rooms.  To prevent such
communications, USAFA had previously developed a firewall as
part of the USAFA network.

On February 2, 1999, defense counsel requested a new
investigation pursuant to Article 32, UCMJ, 10 U.S.C. § 832
(2000), arguing that the Government mistakenly told defense
counsel that logs describing individuals at USAFA who had
entered and exited the firewall did not exist.  In discussing
the motion, the judge made several comments concerning the
competency of the defense counsel for relying on the
Government's assertion that these logs did not exist, and for
not independently investigating the existence of the logs.  When
discussing the reason for a new Article 32 investigation, the
judge criticized the attorneys as follows:

> Certainly as an attorney, one would expect to question
> why [the firewall logs] didn't exist.  Whether it was
> a routine matter or there was something about the

---

SPECIFICATION 1 OF THE CHARGE WHERE HE FAILED TO
INSTRUCT THE MEMBERS THAT THE UNAUTHORIZED ACCESS TO
THE COMPUTER SYSTEM MUST HAVE BEEN INTENTIONAL.

IV.  WHETHER THE MILITARY JUDGE ERRED IN PROVIDING THE
COURT MEMBERS A MISTAKE OF FACT INSTRUCTION WHICH
REQUIRED THEM TO FIND THAT APPELLANT'S MISTAKE OF FACT
WAS REASONABLE INSTEAD OF MERELY HONEST.

United States v. Wiest, No. 03-0106/AF

> particular logs from this occasion that somehow were
> lost or destroyed inadvertently . . . .  We are just
> talking about testing the available evidence, which is
> the function of an advocate.

In response to defense counsel's explanation as to why the
motion was made months after the original Article 32
investigation, the judge stated, "but the thought never occurred
to you at that time to ask why [the logs] didn't exist?"  "[I]f
you have an indication that the type of evidence that you are
looking for should be in existence, then I think as an attorney
you should be questioning why it is no longer in existence."
The judge said defense counsel should not have accepted the
government representative's statement that the logs did not
exist, and should have asked their own consultant rather than
relying on the Government representative.  The judge said
defense counsel should have assumed the records were always
present and "had been misinformed."  Counsel responded that they
assumed the government was telling the truth.  The judge then
said, "a competent advocate assume[s] nothing."  In response to
the judge's continued questioning, the defense counsel stated:
"Again, if we were remiss and if I'm not a competent advocate
for not confirming that, I'll take that hit.  But, it doesn't
take anything away from the fact that [the Government] actually
knew the records existed . . . ."  Later, the defense admitted
they were "novices with computers" and dependent upon experts

<u>United States v. Wiest</u>, No. 03-0106/AF

who thought the logs did not exist.  In denying the motion for a
new Article 32 investigation, the judge noted that the
"availability of the firewall logs, regardless of their
completeness, was unappreciated by both the prosecution and the
defense."  He continued:

> The attorneys in this case were not by training or
> experience well-equipped to deal with the complex
> computer[-]related materials inherent in the alleged
> offenses . . . .  [I]t is utterly confounding to the
> court the defense expert limited himself to stating
> requests to attorneys who were not equally qualified
> in the subject matter.

After the judge denied the motion for a new Article 32
investigation, Appellant told the judge he believed his counsel
were ineffective at the original Article 32 investigation, and
therefore requested new defense counsel.  Appellant was then
told he had misunderstood the judge's words; in not ordering a
new Article 32 investigation, the judge did not say that counsel
was ineffective.  Appellant disagreed, and personally addressed
the court as follows:  "Your Honor, in light of your statements
that my counsel were ineffective at my Article 32 hearing, as
well as throughout the proceedings leading up to this court-
martial, . . . I would like to fire both."  The judge replied
again that Appellant had misunderstood his prior remarks, but
that because Appellant insisted on new counsel, replacement
counsel "must be available and prepared for trial on 8 March

<u>United States v. Wiest</u>, No. 03-0106/AF

1999."  The judge did not at this time release original defense counsel.

Appellant then requested representation by Major Theurer, a defense counsel with a reputation as an expert in computer matters, as an individual military defense counsel under Rule for Courts-Martial 506(b)[hereinafter R.C.M.].  Although Major Theurer's superior approved the request, he was not available for trial on March 8, prompting the judge to state that "if Major Theurer is not available on the 8th of March, then he is not available period.  The trial will proceed without him."  On February 10, Mr. Spinner, a civilian defense counsel, entered his appearance on behalf of Appellant, but requested a delay until April 19, because of his schedule.  On the same day, the military judge faxed a response to Mr. Spinner, advising him that the trial date was March 8 and, "If you wish to represent the accused you need to be present and prepared on that date."  He further advised Mr. Spinner, "If you cannot be available and prepared on that [sic] 8 Mar 99, you are not reasonably available and should not undertake this representation."  Finally, he advised Mr. Spinner, "You should not count on any further continuance being granted, and make your plans accordingly for preparation or termination of your representation."

<u>United States v. Wiest</u>, No. 03-0106/AF

On February 12, the Government asked that the continuance be denied because Appellant "is free to retain counsel . . . . Given the amount of time that Cadet Wiest has had, and still has, to obtain counsel that are available on 8 Mar 99, we believe no continuances are necessary at this time." On the same date, the judge denied the defense request for a continuance.[3]

Appellant asked for new military defense counsel on March 8. Two new military defense counsel entered appearances for Appellant and indicated they were ready to proceed. Mr. Spinner, who had also been retained as civilian counsel, was not ready to begin because of other commitments. At this session, Appellant's request to release prior military counsel was granted, as was his request to be represented by new counsel, without Mr. Spinner as civilian counsel. The trial proceeded as scheduled.

## DISCUSSION

The right to counsel is fundamental to our system of justice. <u>United States v. Palenius</u>, 2 M.J. 86 (C.M.A. 1977). It should therefore be an unusual case, balancing all the factors involved, when the judge denies an initial and timely

_____

[3] We need not decide whether the trial judge was disqualified under R.C.M. 902(b)(1), because he had "knowledge of disputed evidentiary facts concerning" the availability of Mr. Spinner by obtaining facts ex parte and not subject to judicial notice.

<u>United States v. Wiest</u>, No. 03-0106/AF

request for a continuance in order to obtain civilian counsel,
particularly after the judge has criticized appointed military
counsel.  Indeed, we have noted that the right to civilian
counsel is a "most valuable right," and that therefore a
continuance should be granted at least after initial requests
for such counsel have been made, and certainly in a case where
Appellant is unsure of his appointed military representation.
<u>United States v. Kinard</u>, 21 C.M.A. 300, 303, 45 C.M.R. 74, 77
(C.M.A. 1972)(citing <u>United States v. Donohew</u>, 18 C.M.A. 149, 39
C.M.R. 149 (C.M.A. 1969)); <u>cf.</u> <u>Morris v. Slappy</u>, 461 U.S. 1, 3-4
(1983)(citing <u>Slappy v. Morris</u>, 649 F.2d 718 (9th Cir. 1981)).
Accordingly, we hold that the military judge erred by exercising
an inelastic attitude in rescheduling Appellant's trial, where
such request was predicated on the judge's negative comments
about Appellant's original military counsel and Appellant's
subsequent selection of a new civilian counsel.

   Our standard of review in the case at bar is abuse of
discretion.  <u>United States v. Weisbeck</u>, 50 M.J. 461, 464-66
(C.A.A.F. 1999).  In determining whether the judge abused his
discretion, we consider the factors articulated in <u>United States
v. Miller</u>: "surprise, nature of any evidence involved,
timeliness of the request, substitute testimony or evidence,
availability of witness or evidence requested, length of
continuance, prejudice to opponent, moving party received prior

<u>United States v. Wiest</u>, No. 03-0106/AF

continuances, good faith of moving party, use of reasonable
diligence by moving party, possible impact on verdict, and prior
notice." 47 M.J. 352, 358 (C.A.A.F. 1997)(citation omitted).
<u>See also</u> <u>United States v. Cokeley</u>, 22 M.J. 225, 229-30 (C.M.A.
1986)(availability of witnesses); <u>Kinard</u>, 21 C.M.A. at 305, 45
C.M.R. at 79.

   As to surprise on February 10, Mr. Spinner requested a
continuance well before the March 8 trial date. The request for
a continuance was based on unexpected events. Here, Appellant
was clearly surprised by the harsh criticism of his counsel by
the military judge, and this factor weighed in favor of a
continuance. As to timeliness, Mr. Spinner requested the
continuance as soon as he was retained, six days after the court
was recessed and well before the trial date. He had made no
prior requests for continuance, nor was there any delay or bad
faith by Appellant as he contacted Mr. Spinner almost
immediately and Mr. Spinner promptly submitted his request for a
continuance.

   Because of the comments made by the judge concerning
Appellant's representation at the Article 32 hearing, Appellant
requested the appointment of new military counsel and sought, in
addition, to retain civilian counsel. Based on the record, this
request was not a surprise. Appellant's request for new counsel
was submitted shortly after the February 2 session pursuant to

United States v. Wiest, No. 03-0106/AF

Article 39(a), UCMJ, 10 U.S.C. § 851(a) (2000).  The timing of
this request therefore allowed sufficient time to establish a
date when civilian counsel would be available to work within the
schedule of the witnesses, none of whom were outside the United
States.  Moreover, the Government did not establish a reason for
opposing Appellant's request for a continuance, other than
noting that the witnesses were available on March 8, 1999.  Nor
did they establish an attempt by Appellant to "vex" the
Government, or show that witnesses would not be available at a
later date.  "Where a military judge denies a continuance
request made for the purpose of obtaining civilian counsel,
prejudice to the accused is likely."  Miller, 47 M.J. at 359.
Given these circumstances, the military judge should have
granted the continuance, and therefore abused his discretion in
failing to do so.

DECISION

The decision of the United States Air Force Court of
Criminal Appeals is reversed, the findings and the sentence are
set aside, and the record of trial is returned to the Judge
Advocate General for a further disposition not inconsistent with
this opinion.

10

**CORRECTED COPY – DESTROY ALL OTHERS**

**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS UNITED STATES AIR FORCE ACADEMY (USAFA)**
**USAF ACADEMY, COLORADO 80840**

General Court-Martial Order                                    27 September 2004
No. 8

In the general court-martial case of CADET CHRISTOPHER D. ~~WEIST~~ WIEST, ████-1530, the findings of guilty and sentence as promulgated in General Court-Martial Order No. 2, this headquarters, dated 27 December 1999, were set aside on 16 March 2004. A rehearing was found to be impractical. Pursuant to the authority of RCM 1107(e), the charges are dismissed. All rights, privileges, and property of which the accused has been deprived by virtue of the findings of guilty and the sentence so set aside will be restored. That sentence was adjudged on 13 March 1999.
ACM #33964.

/s/
JOHN W. ROSA
Lieutenant General, USAF
Superintendent

FOR THE SUPERINTENDENT

MICHAEL R. MCANTEE, Colonel, USAF
Staff Judge Advocate

| CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES | THIS IS AN IMPORTANT RECORD. SAFEGUARD IT. | ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID |
|---|---|---|

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle)<br>Wiest, Christopher, David | 2. DEPARTMENT, COMPONENT AND BRANCH<br>AIR FORCE - USAFA CADET | 3. SOCIAL SECURITY NUMBER<br>▩ ▩ 1530 |
|---|---|---|

| 4a. GRADE, RATE OR RANK<br>AF CADET | b. PAY GRADE<br>AF CADET | 5. DATE OF BIRTH (YYYYMMDD)<br>1977▩▩ | 6. RESERVE OBLIGATION TERMINATION DATE (YYYYMMDD) |
|---|---|---|---|

| 7a. PLACE OF ENTRY INTO ACTIVE DUTY<br>USAF ACADEMY COLORADO | b. HOME OF RECORD AT TIME OF ENTRY (City and State, or complete address if known)<br>2669 Ravenwood Court, Wexford, PA 15090 |
|---|---|

| 8a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>34TRW (USAFA) | b. STATION WHERE SEPARATED<br>USAF ACADEMY COLORADO |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED<br>NOT APPLICABLE | 10. SGLI COVERAGE | NONE<br>AMOUNT: $  200,000.00 |
|---|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.)<br>NOT APPLICABLE | 12. RECORD OF SERVICE | YEARS(S) | MONTH(S) | DAY(S) |
|---|---|---|---|---|
| | a. DATE ENTERED AD THIS PERIOD | 1996 | Jun | 27 |
| | b. SEPARATION DATE THIS PERIOD | 2005 | May | 31 |
| | c. NET ACTIVE SERVICE THIS PERIOD | 08 | 11 | 05 |
| | d. TOTAL PRIOR ACTIVE SERVICE | 00 | 00 | 00 |
| | e. TOTAL PRIOR INACTIVE SERVICE | 00 | 00 | 00 |
| | f. FOREIGN SERVICE | 00 | 00 | 00 |
| | g. SEA SERVICE | 00 | 00 | 00 |
| | h. EFFECTIVE DATE OF PAY GRADE | 1996 | Jun | 27 |

| 13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)<br>AF Outstanding Unit Award W/ One Oak Leaf, National Defense Service Medal, Basic Parachute Badge, --Nothing Follows-- | 14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)<br>Basic Cadet Training, 6 Weeks, Aug 96,--Nothing Follows-- |
|---|---|

| 15a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | | YES | X | NO |
|---|---|---|---|---|
| b. HIGH SCHOOL GRADUATE OR EQUIVALENT | X | YES | | NO |

| 16. DAYS ACCRUED LEAVE<br>PAID  -0- | 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | YES | NO |
|---|---|---|---|
| | | | X |

| 18. REMARKS<br>ATTENDED USAF ACADEMY IN CADET STATUS FROM 27 Jun 96 TO 31 May 05.  SERVICE NOT CREDITABLE FOR ANY PURPOSE IN COMMISSIONED OFFICER STATUS. MEMBER HAS NOT COMPLETED FIRST FULL TERM OF SERVICE. ---------- NOTHING FOLLOWS --

The information contained herein is subject to computer matching within Department of Defense or with other affected Federal or non-Federal agency for verification purposes and to determine eligibility for, and/or compliance with, the requirements of a Federal benefit program. |
|---|

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include ZIP Code)<br>2669 Ravenwood Court, Wexford, PA 15090 | 19.b. NEAREST RELATIVE (Name and address - Include ZIP Code)<br>MR&MRS ROBERT N WIEST, 2669 RAVENWOOD CT, WEXFORD, PA 15090 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO  Pennsylvania DIRECTOR OF VETERANS AFFAIRS | X | YES | | NO |
|---|---|---|---|---|

| 21. SIGNATURE OF MEMBER BEING SEPARATED<br>MEMBER NOT AVAILABLE TO SIGN | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature)<br>MELISSA J.E. LEWIS, TSgt, USAF<br>NCOIC, Cadet Personnel Branch |
|---|---|

### SPECIAL ADDITIONAL INFORAMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION<br>DISCHARGE | 24. CHARACTER OF SERVICE (Include upgrades)<br>HONORABLE |
|---|---|

| 25. SEPARATION AUTHORITY<br>AFI 36-2020 | 26. SEPARATION CODE<br>JFF | 27. REENTRY CODE<br>4L |
|---|---|---|

| 28. NARRATIVE REASON FOR SEPARATION<br>SECRETARIAL AUTHORITY |
|---|

| 29. DATES OF TIME LOST DURING THIS PERIOD (YYYYMMDD)<br>NOT APPLICABLE | 30. MEMBER REQUESTS COPY 4<br>(Initials)  SEE BLOCK 21 |
|---|---|

| DD FORM 214, FEB 2000 | PREVIOUS EDITION IS OBSOLETE.<br>Generated by Air Force Academy CAMSII Disenrollment Application | MEMBER-4 |
|---|---|---|



# Honorable Discharge

from the Armed Forces of the United States of America

*This is to certify that*

CHRISTOPHER DAVID WIEST, ███████ 1530, AF CADET, REGULAR AIR FORCE

*was Honorably Discharged from the*

# United States Air Force

on the ___31___ day of ___MAY 2005___      *This certificate is awarded*

*as a testimonial of Honest and Faithful Service*

Cesar G. Suarez

JESUS G. SUAREZ, Capt, USAF
USAF Academy, Colorado

DD FORM
1 NOV 51 256 AF

THIS IS AN IMPORTANT RECORD — SAFEGUARD IT!

**chris@cwiestlaw.com**

| | |
|---|---|
| **From:** | AF-CJIC <AF.CJIC@US.AF.MIL> |
| **Sent:** | Monday, April 19, 2021 2:03 PM |
| **To:** | chris@cwiestlaw.com |
| **Subject:** | Air Force Expungement Request Acknowledgement |

Mr. Wiest,

This email is in response to your April 19, 2021 Expungement/Correction Request.  Your request has been received, uploaded and is in the queue for processing/review/final response.

The Department of the Air Force -- Criminal Justice Information Cell (DAF-CJIC) processes all expungement requests on a "first in, first out" basis.  While not typical, requests could take 6 months or substantially longer to complete based upon the complexity of your request or the requests that precede it or other mitigating circumstances.

DAF-CJIC will gather all relative documents available and evaluate these documents against your Air Force record within the National Crime Information Center, Interstate Identification Index, National Instant Background Check System, Defense Central Index of Investigations, and Combined DNA Index System; should it exist.

When this review is completed, you can expect to receive notification that the review has been completed and the results of that review.

Expungements Program
Department of the Air Force - Criminal Justice Information Cell (DAF-CJIC)
HQ OSI/XIC Quantico, VA
27130 Telegraph Road
Quantico, VA  22134

For more information on expungements: https://www.osi.af.mil/afosifoia/

**From:** chris@cwiestlaw.com <chris@cwiestlaw.com>
**Sent:** Monday, April 19, 2021 1:08 PM
**To:** AF-CJIC <AF.CJIC@US.AF.MIL>
**Subject:** [Non-DoD Source] AFOSI/ Expungement

To Whom It May Concern:

Please see the communication, attached.

Sincerely,

Christopher Wiest
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, KY 41017
513-257-1895 (v)

EXHIBIT
E-2









## Deny

The National Instant Criminal Background Check System (NICS) is a descriptor-based name search. If you believe you have been **erroneously denied** you may submit a request to challenge the deny decision.

The agency which processed your NICS transaction is required to have a challenge process. You may challenge through the *denying agency*, the state or local agency that processed your transaction, or, you may submit your challenge to the FBI Criminal Justice Information Services (CJIS) Division.

### You may:

1) Request the reason for your firearm-related denial
2) Challenge the reason for your firearm-related denial

### Please Visit:

## https://www.edo.cjis.gov

For customers without Internet access, you may mail a request to the address listed below:

FBI CJIS Division
Attention: CHAT 1
BICS
1000 Custer Hollow Road
Clarksburg, WV 26306

The challenge submission must include:
- ✓ NICS Transaction Number (NTN)
- ✓ Your full name
- ✓ Your complete mailing address

**Providing a set of your rolled fingerprints prepared by law enforcement, or authorized fingerprinting agency, is highly recommended to help expedite your challenge.**

**The CJIS Division cannot release the reason for a deny over the phone.**

NICS Transaction Number (NTN):

1021JV99G

(NTN Required to Challenge)          August 2019

1021JV99G

8/24/21

## Delay

The National Instant Criminal Background Check System (NICS) is a descriptor-based name search. If you are experiencing an **extended** delay, you may explore the options below.

### Resolution options include:

1) Identity History Summary Check:
   Visit www.fbi.gov/checks.

2) Identity History Summary Challenge:
   Visit www.fbi.gov/checks.

3) Voluntary Appeal File: Visit the NICS website at https://www.fbi.gov/file-repository/vaf-form-25.pdf/view.

### Please Visit:

## https://www.edo.cjis.gov

**PLEASE NOTE:** The CJIS Division will not process challenges for delay decisions.

**The CJIS Division cannot release the reason for a delay over the phone.**



EXHIBIT

F

tabbies

## NICS Transaction Number (NTN):

(NTN Required to Challenge)          August 2019

<u>VERIFICATION</u>

Pursuant to 28 U.S.C. 1746, I, Christopher Wiest, declare under penalty of perjury that I have read the foregoing Verified Complaint, that I am competent to testify in this matter, that the facts contained therein are true and correct, and are based information personally known and observed by me

Executed on ___June 1, 2021___ .

_____
Christopher Wiest